ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| FRANCHESKA M. CAMILO GONZÁLEZ<br><br>Recurrente<br><br>V.<br><br>UNIVERSIDAD DE PUERTO RICO, RECINTO DE MAYAGÜEZ<br><br>Recurrida | TA2026RA00348 | *Revisión* procedente de la Universidad de Puerto Rico<br><br>Apelación Adm. Núm.: 90.1188<br><br>Sobre: Suspensión académica |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece, por derecho propio, la señora Francheska Marie Camilo González (recurrente) y solicita la revisión de una *Resolución* emitida el 7 de mayo de 2026 por la Oficina de la Presidenta de la Universidad de Puerto Rico (UPR o recurrida).[1] En dicha determinación, se declaró No Ha Lugar la *Apelación* presentada por la recurrente contra el Recinto Universitario de Mayagüez en torno a varios reclamos académicos por una calificación, su suspensión académica y alegaciones sobre el uso o apropiación de invenciones, diseños, componentes, cursos y equipos.

La Oficina de la Presidenta concluyó que esos reclamos habían sido presentados y adjudicados previamente ante diversos foros universitarios y judiciales, por lo que advinieron finales, firmes e inapelables. Asimismo, determinó que no existían hechos nuevos que justificaran reabrir las controversias, por lo que carecía de autoridad para reconsiderar asuntos ya adjudicados de manera definitiva.

---

[1] Apéndice 1, Entrada Núm. 1 del recurso TA2026RA00348 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Notificada el 8 de mayo de 2026.

Del recurso surgió que, los días 13 y 18 de mayo de 2026, la señora Camilo González solicitó reconsideración ante la Oficina de la Presidenta. Además, el 2 de junio de 2026 presentó una apelación ante la Junta de Gobierno de la UPR.

El 26 de junio de 2026, presentó este recurso de revisión judicial, en el cual formuló los siguientes señalamientos de error:

PRIMER ERROR: ERRÓ LA RECURRIDA AL APLICAR LA DOCTRINA DE COSA JUZGADA A CONTROVERSIAS QUE CONTIENEN HECHOS NUEVOS, EVIDENCIA SOBREVENIDA Y ALEGACIONES NUNCA ADJUDICADAS EN SUS MÉRITOS.

SEGUNDO ERROR: ERRÓ LA RECURRIDA AL FUNDAMENTAR SU DETERMINACIÓN EN UN EXPEDIENTE ADMINISTRATIVO INCOMPLETO.

TERCER ERROR: ERRÓ LA RECURRIDA AL NO INVESTIGAR ALEGACIONES SUSTANCIALES RELACIONADAS CON FUNCIONARIOS, PROFESORES E INVESTIGADORES IDENTIFICADOS POR LA RECURRENTE.

CUARTO ERROR: ERRÓ LA RECURRIDA AL NO INVESTIGAR ADECUADAMENTE LAS ALEGACIONES RELACIONADAS CON LA ACTUACIÓN DEL DR. UBALDO CÓRDOVA Y SU POSIBLE EFECTO SOBRE LA IMPARCIALIDAD DE INVESTIGACIONES PREVIAS.

QUINTO ERROR: ERRÓ LA RECURRIDA AL PRIVAR A LA RECURRENTE DE UN PROCEDIMIENTO EFECTIVO PARA IMPUGNAR LAS CALIFICACIONES UTILIZADAS PARA JUSTIFICAR LA SUSPENSIÓN ACADÉMICA.

SEXTO ERROR: ERRÓ LA RECURRIDA AL NO ANALIZAR INTEGRALMENTE LA RELACIÓN ENTRE LAS ALEGACIONES PRESENTADAS, LAS INVESTIGACIONES INSTITUCIONALES, LAS EVALUACIONES ACADÉMICAS Y LA SUSPENSIÓN ACADÉMICA.

SÉPTIMO ERROR: ERRÓ LA RECURRIDA AL NO ADJUDICAR LA RECLAMACIÓN DE DAÑOS Y PERJUICIOS OPORTUNAMENTE PRESENTADA POR LA RECURRENTE DURANTE EL PROCEDIMIENTO ADMINISTRATIVO.

OCTAVO ERROR: ERRÓ LA JUNTA DE GOBIERNO AL INCURRIR EN DENEGACIÓN TÁCITA Y OMITIR LA ADJUDICACIÓN COMPLETA DE LAS CONTROVERSIAS SOMETIDAS PARA SU CONSIDERACIÓN.

La recurrente alegó que la UPR erró al aplicar la doctrina de cosa juzgada, pues sus reclamos incluían hechos nuevos, evidencia y alegaciones que, según sostuvo, nunca fueron investigadas ni adjudicadas en sus méritos. También planteó que la determinación se fundamentó en un expediente administrativo incompleto y que se le privó de un procedimiento efectivo para impugnar las calificaciones utilizadas para justificar su suspensión académica. Además, sostuvo

que la recurrida no evaluó posibles conflictos de interés ni adjudicó su reclamación de daños y perjuicios.

Por los fundamentos que se exponen a continuación, procede la desestimación del recurso presentado por la recurrente.

Se prescinde de la comparecencia de la recurrida para lograr el más eficiente despacho del asunto, a tenor con la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025).

## I.

### A. Perfeccionamiento de un recurso

El derecho a la revisión apelativa no opera automáticamente, ya que está condicionado al perfeccionamiento oportuno y adecuado del recurso. *UGT v. Centro Médico del Turabo,* 208 DPR 944 (2022). Por ello, las normas que rigen dicho perfeccionamiento deben observarse rigurosamente. *Íd.*; *Pérez Soto v. Cantera Pérez, Inc. et al.,* 188 DPR 98 (2013). Incluso cuando una parte comparece por derecho propio, debe cumplir fielmente con las reglas aplicables. *Hernández Maldonado v. Taco Maker,* 181 DPR 281 (2011); *Febles v. Romar,* 159 DPR 714, 722 (2003). Ello se debe a que la comparecencia por derecho propio no excusa el incumplimiento con las reglas procesales. *Febles v. Romar, supra.*

Entre los requisitos para perfeccionar un recurso apelativo se encuentra su presentación oportuna, lo cual incide directamente sobre la jurisdicción del tribunal. *Pérez Soto v. Cantera Pérez, Inc. et al., supra.* La jurisdicción constituye la autoridad de un foro judicial para adjudicar controversias con efecto vinculante para las partes. Íd. En su ausencia, el tribunal carece de facultad para actuar, por lo que cualquier dictamen emitido resulta nulo e inexistente. *Íd.*; *JJJ Adventure v. Consejo de Titulares y otros,* 2025 TSPR 123, 216 DPR ___ (2025); *Torres Alvarado v. Madera Atiles,* 202 DPR 495 (2019). Por

ello, el tribunal debe examinar, en primera instancia, su jurisdicción, ya que no puede asumirla discrecionalmente. *Íd.*

Cuando este Tribunal carece de jurisdicción, procede desestimar el recurso sin atender los méritos de la controversia. *Íd.* A esos efectos, la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, faculta a este foro a desestimar *motu proprio* un recurso por falta de jurisdicción.

El análisis jurisdiccional comprende el principio de justiciabilidad, el cual limita la función judicial a controversias genuinas entre partes con interés real en obtener un remedio. *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727 (2022); *Romero Barceló v. ELA*, 169 DPR 460 (2006); *Com. de la Mujer v. Srio. de Justicia*, 109 DPR 715 (1980). Un recurso prematuro no es justiciable, por lo que procede su desestimación, sin perjuicio de que la parte lo presente nuevamente una vez la agencia emita la determinación final. *Ruiz Camilo v. Trafón Group, Inc.*, 200 DPR 254 (2018); *Yumac Home v. Empresas Massó*, 194 DPR 96 (2015).

En lo pertinente, la revisión de una decisión administrativa debe presentarse dentro del término jurisdiccional de treinta (30) días, contados desde el archivo en autos de la copia de la notificación de la orden o resolución final de la agencia. Regla 57 del Reglamento del Tribunal de Apelaciones, *supra*, R. 57; Sección 4.2 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9672.

El *Reglamento sobre Procedimientos Apelativos Administrativos de la Universidad de Puerto Rico*, Reglamento Núm. 9054, 23 de octubre de 2018, Departamento de Estado, según enmendado, rige las apelaciones administrativas contra decisiones de autoridades universitarias. En lo pertinente, dispone que el presidente de la UPR resolverá las apelaciones contra decisiones de rectores o directores, mientras que la Junta de Gobierno atenderá las apelaciones contra

decisiones del presidente, entre otras autoridades. Art. 9(C) y (D) del Reglamento Núm. 9054, *supra.*

Asimismo, el Artículo 29 del Reglamento Núm. 9054, *supra,* permite solicitar reconsideración dentro de 20 días desde la notificación de la resolución u orden, sujeto a los términos allí dispuestos. También establece que el término para acudir en revisión judicial ante el Tribunal de Apelaciones es de 30 días, contados desde la notificación de la resolución final o desde la resolución que disponga definitivamente de la reconsideración. *Íd.*

De otra parte, para perfeccionar una solicitud de revisión judicial, la parte recurrente debe cumplir con los requisitos relacionados con el contenido del escrito. En particular, la Regla 59 del Reglamento del Tribunal de Apelaciones, *supra,* R. 59, establece que todo recurso de esta naturaleza debe incluir y discutir los señalamientos de error. De igual manera, debe contener una referencia a la decisión, reglamento o providencia administrativa objeto del recurso, incluyendo la fecha en que se dictó y la fecha en que se archivó en autos copia de la notificación a las partes. *Íd.* También deberá presentarse un apéndice con copia literal de las alegaciones de las partes ante la agencia recurrida, de la orden, resolución o providencia administrativa recurrida, así como de toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso. *Íd.* Asimismo, deberá incluirse todo documento que forme parte del expediente administrativo original y en el que se discuta expresamente cualquier asunto planteado en el recurso, o que sea relevante o útil para la revisión de la controversia. *Íd.*

La omisión de un documento no conlleva automáticamente la desestimación del recurso. Es necesario evaluar la naturaleza del documento omitido y su importancia para atender el recurso. H. Sánchez Martínez, *Derecho procesal apelativo: práctica jurídica de*

*Puerto Rico*, LexisNexis, 2001, pág. 333. La desestimación procede únicamente cuando se omiten documentos esenciales para resolver la controversia, cuando la omisión causa un perjuicio sustancial o cuando impide revisar el caso en sus méritos. *Carlo Emmanuelli v. The Palmas Academy*, 160 DPR 182 (2003); *Tribunal Examinador de Médicos v. Flores Villar*, 129 DPR 687 (1991).

Para los foros apelativos, el apéndice equivale al expediente judicial del tribunal de instancia. Sobre ese expediente descansa la capacidad del Tribunal para cumplir sus funciones. H. A. Sánchez Martínez, *op. cit.*, pág. 314. Por ello, "[u]na decisión judicial tomada a base de un expediente incompleto es siempre portadora del germen latente de la incorrección". *Íd.*

**II.**

En el presente caso, la señora Camilo González incumplió crasamente con las normas de perfeccionamiento del recurso. Aunque formuló múltiples señalamientos de error, estos no fueron discutidos adecuadamente, sino que descansaron en alegaciones generales y conclusorias sobre el trámite administrativo.

Además, el apéndice no colocó a este Tribunal en posición de ejercer su función revisora. De los documentos incluidos no surge, de forma clara y legible, el trámite seguido ante las autoridades universitarias correspondientes. Ello se agravó porque el apéndice estuvo compuesto, en su mayor parte, por documentos incompletos, acompañados de explicaciones propias de la recurrente, lo cual no sustituyó el deber de presentar un expediente administrativo adecuado para la revisión judicial. En particular, no se acompañaron documentos íntegros y legibles que permitieran constatar si la recurrente solicitó reconsideración ante la Oficina de la Presidenta, si dicho foro actuó sobre tal solicitud y si, en efecto, se presentó y adjudicó una apelación ante la Junta de Gobierno de la UPR.

Si bien la omisión de documentos no conlleva automáticamente la desestimación de un recurso, en este caso los documentos omitidos resultaban esenciales. Su ausencia impidió determinar si existía una resolución final revisable, si el recurso fue presentado oportunamente y si este Tribunal tenía jurisdicción para atenderlo. De igual forma, el apéndice incompleto impidió reconstruir adecuadamente el tracto administrativo y evaluar los señalamientos de error formulados.

Antes de concluir, consideramos pertinente consignar que no es la primera vez que la recurrente comparece ante este foro por los mismos hechos. Véase KLRA202100418, Sentencia de 21 de septiembre de 2021; KLRA202100542, Sentencia de 5 de noviembre de 2021; KLRA202200288, Sentencia de 13 de octubre de 2022 y TA2025RA00266, Sentencia de 14 de noviembre de 2025. Ante esta circunstancia, debemos precisar que ninguna parte tiene derecho a mantener vivos eternamente sus reclamos ante los distintos foros adjudicativos, y que, aunque la señora Camilo González alega que existen hechos nuevos y evidencia sobrevenida, lo cierto es que los mismos versarían sobre asuntos que según surge de las determinaciones antes indicadas ya habían adquirido finalidad.

Ante ese cuadro procesal, procede desestimar el recurso por falta de jurisdicción y craso incumplimiento con el Reglamento de este Tribunal, *supra.*

**III.**

Por los fundamentos antes expuestos, se desestima el recurso presentado por la recurrente.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones